IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER GOURMET CONCEPTS, INC., and MORE THAN GOURMET, INC., | : : : | CIVIL ACTION NO. **1:CV-09-1199** |
| | : | (Judge Conner) |
| Plaintiffs | : : | (Magistrate Judge Blewitt) |
| v. | : : | |
| IRWIN & McKNIGHT and DOUGLAS MILLER, | : : : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural History.**

Plaintiffs, Power Gourmet Concepts, Inc. and More Than Gourmet, Inc., filed their Complaint with attached exhibits on June 23, 2009, alleging professional negligence and breach of contract. (Doc. 1). Defendants Irwin & McKnight and Douglas Miller jointly filed their Answer with Affirmative Defenses on August 7, 2009. (Doc. 8). Pursuant to Pennsylvania law with respect to professional negligence claims, Plaintiffs submitted their Certificate of Merit under Pennsylvania Rule of Civil Procedure 1042.3 (Pennsylvania law requires that plaintiffs submit certificates of merit when alleging professional negligence).[1]

---

[1]"The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted).

1

On February 1, 2010, discovery ended. (Doc. 14). Subsequently, Defendants jointly filed a Motion for Summary Judgment pursuant to Federal Rule 56. (**Doc. 15**). They also filed their Statement of Uncontested Material Facts (Doc. 16) pursuant to Local Rule 56.1, M.D. Pa., with attached exhibits and their supporting Brief (Doc. 17). On March 5, 2010, Plaintiffs filed their Response to Defendants' Statement of Uncontested Material Facts with attached exhibits. (Doc. 18). Plaintiffs also simultaneously submitted their opposition Brief to Defendants' Motion for Summary Judgment. (Doc. 19). Defendants filed their Reply Brief on March 11, 2010. (Doc. 20).

On May 19, 2010, the Court granted Defendants' Motion to Stay the case management deadlines pending the disposition of Defendants' Motion for Summary Judgment. (Doc. 22).

On June 21, 2010, the Court referred Defendants' Motion for Summary Judgment to the undersigned for issuance of a Report and Recommendation. (Doc. 23). We now address Defendants' Motion for Summary Judgment herein.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The opposing parties are citizens from different states and the amount in controversy exceeds $75,000. Furthermore, in deciding Defendants' Motion for Summary Judgment, this Court will apply Pennsylvania substantive law on professional negligence pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). *See Erie R.R. Co.*, 304 U.S. at 78 (holding that "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state").

## II. Allegations of Plaintiffs' Complaint.

On May 9, 2005, Plaintiffs, two food processing companies, were issued a Certificate of Judgment in the Summit County, Ohio Court of Common Pleas against Marlin Grimes, *et al*. Plaintiffs sought to domesticate the Judgment in the Court of Common Pleas in Northumberland County, Pennsylvania, where the Grimes, et al., judgment debtors owned property. Plaintiffs allege that Defendants, their hired counsel for the domesticated Judgment action, committed professional negligence and breached their contract when Defendants delayed domesticating the Ohio Judgment in Pennsylvania. Plaintiffs claim that the debtor Grimes had collectible assets in Pennsylvania at the time Defendants filed the domesticated action on their behalf. They allege that Grimes' assets dissipated during the period between Defendants filing the domesticated action and obtaining a valid Judgment in Pennsylvania. Consequently, Plaintiffs claim that they lost collectible assets from Grimes as a result of Defendants' professional negligence in delaying the attainment of their valid Judgment in Pennsylvania and by failing to timely domesticate their Ohio Judgment in Pennsylvania. Furthermore, Plaintiffs allege the Defendants committed breach of contract when they delayed in domesticating the Judgment. Thus, Plaintiffs claim Defendants are liable for additional legal fees incurred while retaining new counsel to "remedy...Defendants' legal malpractice."

Though one claim in Plaintiffs' Complaint is for breach of contract, Defendants' dispositive motion mainly addresses this claim regarding the damages element. Thus, if the Court denies Defendants' Motion with respect to Plaintiffs' professional negligence claim, then Plaintiffs' breach of contract claim should also proceed to trial.[2] Accordingly, this Report and Recommendation will primarily address Defendants' Motion for Summary Judgment as it applies to Plaintiffs' professional negligence claim.

## III. Statement of Facts.

As stated, Defendants submitted their Statement of Uncontested Material Facts with their Motion for Summary Judgment and Plaintiffs responded to it. (Docs. 16 & 18). Based on these submissions, the parties essentially agree on many of the pertinent facts in this case. (*Id.*, ¶'s 1.-3., 5., 7.-13., 15.-16., and 19.-32.). Thus, we will not repeat these statement of facts. However, one significant issue between the parties remains contested. The parties dispute

---

[2]The Court in *WP 851 Associates v. Wachovia Bank, N.A.*, 2008 WL 114992 *3 explained that to state a breach of contract claim under Pennsylvania law a plaintiff must allege (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 225 (3d Cir.2003) ( *quoting CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super.1999)). The important inquiry is whether the parties "manifested an intention to be bound by [a document's] terms and whether the terms are sufficiently definite to be specifically enforced." *ATACS Corp. v. Trans World Commc'ns., Inc.,* 155 F.3d 659, 665 (3d Cir.1998). "Whether the parties are merely negotiating a contract, or entering into a present contract, is purely a question of intention." *Windsor Mfg. Co. v. S. Makransky & Sons,* 472,322 Pa. 466, 186 A. 84, 86 (Pa.1936).

In their present Motion, Defendants essentially argue that Plaintiffs have not established any damages.

whether Mr. Grimes had assets which Plaintiffs could have collected but for the delays Defendants allegedly caused in domesticating the Ohio Judgment in Pennsylvania through malpractice. This is the issue upon which Defendants' Motion for Summary Judgment primarily rests. The facts regarding Mr. Grimes' assets are disputed by the parties and will be discussed below. (*Id.*, ¶'s 33.-37.).

**IV. Summary Judgment Standard.**

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric*

5

*Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

**V. Discussion.**

Plaintiffs claim that Defendants are liable for legal malpractice due to Defendants' delay in successfully domesticating their Ohio Judgment against Mr. Grimes in Pennsylvania. Under Pennsylvania law, to prevail on a legal malpractice claim a plaintiff must satisfy three elements. *See Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1184 (Pa. Super. 2000) (holding that the increased risk of harm standard is not applicable in legal malpractice actions when plaintiff claimed that her lawyers negligently investigated the scene of a car accident). A plaintiff must show: 1) employment of the attorney or other basis for duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff. *Id.*

In *Perez v. Griffin,* 2008 WL 2383072, *2 (M.D. Pa.), aff'd. 304 Fed. Appx. 72 (3d Cir. 2008), the Court stated:

> Under Pennsylvania law, a legal malpractice action requires the plaintiff to establish that: (1) the plaintiff employed the attorney or that another basis for a duty exists between the two, (2) the attorney failed to "exercise ordinary skill and knowledge" when handling the plaintiff's matter, and (3) the negligence of the attorney proximately caused the plaintiff's injury. *Nat'l Grange Mut. Ins. Co. v. Goldstein, Heslop, Steel, Clapper, Oswalt & Stoehr*, 142 F. App'x 117, 120 (3d Cir.2005) (citing *Kituskie v. Corbman*, 714 A.2d 1027, 1029 (Pa.1998)).

*See also Weller v. Ransom-Garner*, 338 Fed. Appx. 249, 253 (3d Cir. 2009)(one element of legal malpractice claim under Pennsylvania law is "the employment of the attorney or other basis for duty")(citations omitted); *Kuniskas v. Walsh*, 2010 WL 1390870, *5 (M.D. Pa.).[3]

The third element of a legal malpractice claim under Pennsylvania law requires proof of actual loss. *See Rizzo v. Haines*, 555 A.2d 58 (Pa. 1989) (holding that the trial court did not err when it found that defendant's negligent handling of a settlement agreement resulted in actual loss to the plaintiff). Thus, an attorney must cause more than speculative damage to a plaintiff. *Id*. The Court in *Rizzo* noted, "damages are considered [] speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of the damages." *Id*. Therefore, a plaintiff must show that he had a legitimate cause of action in the underlying case and but for his attorney's negligence would

---

[3]As indicated above, the *Perez* Court also stated:

> Rule 1042.3 of the Pennsylvania Rules of Civil Procedure further requires that a plaintiff alleging a breach of a professional duty produce a certificate of merit attesting to the colorable merit of the plaintiff's claim.

2008 WL 2383072, *2.

Plaintiffs filed their COM in our case.

7

have received damages from the lawsuit.  *See Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998) (holding that the trial court erred when it decided that collectibility of damages in an underlying case was irrelevant to a legal malpractice claim).

Though related to the actual loss requirement, Pennsylvania law requires courts to assess collectibility of judgment separately.  *See Kituskie*, 714 A.2d at 1030.  The issue of collectibility does not ask whether an attorney's negligence caused plaintiff actual loss as defined above.  Instead it asks whether the defendant in the underlying case had money or assets to cover plaintiff's damages had plaintiff won the suit.  Under *Kituskie*, a plaintiff need not prove collectibility to sustain a legal malpractice claim.  *Id*. at 1032.  Rather, the burden rests on the defendant attorney to plead collectibility as an affirmative defense.  *Id*. ("We adopt the minority position and hold that a defendant/lawyer in a legal malpractice action should plead and prove the affirmative defense that the underlying case was not collectible by a preponderance of the evidence").  Lastly, a plaintiff may collect from his attorney no more than what he would have collected from the defendant in the underlying case.  *Id*. at 1030 *quoting Kituskie v. Corbman*, 682 A2.d 378, 382 (Pa. Super. 1996)  ("It would be inequitable for the plaintiff to be able to obtain a judgment against the attorney which is greater than the judgment that the plaintiff could have collected from the third party; the plaintiff would be receiving a windfall at the attorney's expense").

In our case, Defendants do not contest that they were Plaintiffs' counsel for the domesticated judgment action.  Nor do Defendants contest that they failed to exercise ordinary skill and knowledge when handling the domesticated judgment action.  Instead, Defendants first

8

argue that Plaintiffs fail to produce evidence showing that their negligence caused any damage to Plaintiffs.  Defendants argue that because they eventually obtained a valid domesticated Judgment for Plaintiffs in Pennsylvania, their negligence did not cause damage to Plaintiffs.  However, this argument confuses Plaintiffs' allegations.  Plaintiffs do not dispute that Defendants eventually succeeded in obtaining a valid domesticated Judgment for them.  Rather, Plaintiffs allege that Defendants' negligence delayed such a Judgment and that without the delay they would have been able to collect assets from Mr. Grimes.  Plaintiffs contend that Mr. Grimes' assets dissipated between the time that Defendants should have obtained the domesticated Judgment for them in Pennsylvania absent any negligence and the time in which Defendants finally obtained the domesticated Judgment.  Defendants' attempt to counter this contention is without merit insofar as they blame the delay on the Pennsylvania court system.  While the Pennsylvania Superior Court held that the Plaintiffs' second Domesticated Judgment Action was valid, Defendants' alleged negligent handling of the first action made the second action necessary.  As such, the delays that followed the second action's filing were a consequence of Defendants negligently handling the first action.

Moreover, as discussed below, based on Plaintiffs' Response to Defendants' SMF and their citation to the record (Doc. 18, ¶'s 33.-37.), we agree with Plaintiffs that there are issues of material fact as to whether Mr. Grimes had assets which were collectible if Defendants had timely domesticated their Judgment in Pennsylvania in 2005.  We find the facts to be disputed as to whether there were assets Plaintiffs could recover from Mr. Grimes in 2005.  (*Id.*).  We find that the jury must resolve these disputed facts.

9

Defendants argue that their Motion for Summary Judgment should be granted because Plaintiffs have put forth no evidence countering their collectibility defense. As discussed above, collectibility is an affirmative defense. *See Kituskie* 714 A.2d at 1032. Defendants have the burden of showing that Mr. Grimes had neither money nor assets to cover Plaintiffs' damages during the delay in domesticating the Judgment. *Id.* Defendants must satisfy this burden by a preponderance of the evidence. *Id.* Defendants assert that Mr. Grimes' Affidavit (Doc. 16-4) and his deposition (Doc. 16-5) show that he had no collectible assets in 2005 when Defendants first attempted to domesticate Plaintiffs' Ohio Judgment in Pennsylvania. Furthermore, Defendants argue that the Affidavit and the deposition show that Mr. Grimes continued to lack any collectible assets through 2008 when he prepared his Affidavit. As stated, Plaintiffs have pointed to specific deposition testimony of Mr. Grimes which disputes Defendants' evidence. (Doc. 18, ¶'s 33.-37.).

Our inquiry becomes whether Defendants have proven Mr. Grimes' lack of collectible assets by a preponderance of the evidence so that no genuine issue of material fact exists. *See Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). We find that Defendants have failed to meet their burden and have failed to establish that no genuine issue of material fact exists concerning the collectibility of Mr. Grimes' assets during the relevant time.

While Defendants point to Mr. Grimes' Affidavit and deposition to show that he had no collectible assets during the delay in domesticating Plaintiffs' Ohio Judgment in Pennsylvania, we find this evidence insufficient to sustain Defendants' burden. Our finding is based on two

10

considerations. First, we agree with Plaintiffs that Mr. Grimes failed to "embrace the truth of his affidavit" when asked whether he owned any assets which could be subject to collection as of May 5, 2008. Though Mr. Grimes answered that his attorney believed him to have no collectible assets, Mr. Grimes failed to answer that he, himself, believed that to be true. (Doc. 16-5, pp. 73-75). Specifically, Mr. Grimes testified as follows:

> Q. Okay. You were asked the question that you earned - - I'm paraphrasing here. The question was since 2005, you've earned income and spent the money. Do you remember that question?
>
> A. Yes. I remember.
>
> Q. And - - but you have not accumulated any assets so to speak? Is that fair to say, that that money was spent on personal maintenance?
>
> A. Well, correct. Like paying off bills.
>
> Q. Preexisting bills like credit card bills?
>
> A. Credit card bills and attorney fees, and things like that.
>
> Q. Okay. Then you said that actually your expenses are more than your income. Is that true and correct?
>
> A. Oh, that's very true, yes.
>
> Q. Okay. Speaking in terms of this affidavit, which is your Deposition Exhibit 7, you had the opportunity to read and review that?
>
> A. Right. I think it's very general, but yes. She mentioned because I didn't really - - now that I've spoken to a bankruptcy attorney, you require a lot more than what they show here.
>
> Q. Okay. But as to the substance of the affidavit itself, you did not have any assets that would be subject to collection in July of 2005?

11

> A. Not as I understood nor as my attorney understood.
>
> Q. Okay. You presently have no assets that would be subject to collection as we sit here today?
>
> A. Well, um, you know, they have got - - they have taken the - - they've taken the checking account and - - I'm trying to think. And like I say, when I make this listing, when I finish this listing, or my attorney sees this listing of other, you know, personal things and so forth, there may be - - there may be something.
>
> Q. Okay. That you own personally and not jointly with your wife?
>
> A. Yeah. Things like various gifts and so forth and just like, you know, Brad had asked about like that - - like that water activity meter, although he got it free. I got it free. I'm not sure price wise it's valuable, though. I'm not sure.
>
> Q. So when you say here as of the date of this affidavit, which was May 5th, 2008, "I currently own no assets which would be subject to collection on an individual judgment entered against me under the laws of the Commonwealth of Pennsylvania," that was true in May of 2008?
>
> A. That was as true as my attorney - - yeah. My attorney believed to be true. As I say, my attorney is not a bankruptcy attorney - - was not a bankruptcy attorney and now this attorney requires me to list, you know - -

(*Id.*).

Based on the above deposition testimony of Mr. Grimes, we find that a jury should decide whether he had collectible assets during the relevant time.

Second, we also agree with Plaintiffs that Mr. Grimes admitted to working for several companies during the period when the domesticated Judgment action was pending. As Plaintiffs contend, we find that Mr. Grimes' refusal to supply the names of such companies raises doubts whether he obtained some collectible assets during this time. Although

12

Defendants assert that the Affidavit shows Grimes had no collectible assets during the delay in obtaining Plaintiffs' Judgment in Pennsylvania, the veracity of this Affidavit is called into question upon examining Mr. Grimes' deposition. We find that a jury should resolve these issues. We recognize that Plaintiffs have put forth no affirmative evidence showing that Mr. Grimes had any collectible assets which were lost during Defendants' delay in obtaining the domesticated Judgment. However, since collectibility is an affirmative defense, the Defendants carry the burden of showing, by a preponderance of the evidence, that Mr. Grimes had no collectible assets. *See Kituskie* 714 A.2d at 1032. We find that Defendants have failed to carry that burden here which would entitle them to summary judgment with respect to Plaintiffs' claims. Thus, we find that the issue of collectibility is disputed and should proceed to trial.

Accordingly, we will recommend that Defendants' Motion for Summary Judgment (Doc. 15) with respect to both of Plaintiffs' claims be denied.

**VI. Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Defendants' Motion for Summary Judgment (**Doc. 15**) be denied.

                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: October 1, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWER GOURMET CONCEPTS, INC., and MORE THAN GOURMET, INC., | : : : : | CIVIL ACTION NO. **1:CV-09-1199** (Judge Conner) |
| Plaintiffs | : : | (Magistrate Judge Blewitt) |
| v. | : : | |
| IRWIN & McKNIGHT and DOUGLAS MILLER, | : : : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 1, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                s/ Thomas M. Blewitt
                                                                **THOMAS M. BLEWITT**
                                                                 **United States Magistrate Judge**

**Dated: October 1, 2010**